IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN BECKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2364-N-BN |
| | § | |
| RAMIRO CUEVAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Steven Becker filed a *pro se* civil complaint, seeking damages for an alleged wrongful foreclosure, and paid the statutory filing fee. *See* Dkt. No. 3.

Related to the complaint, Becker also filed a Non-Judicial Temporary Restraining Order – Permanent – Injunction & Demand for an Emergency Hearing Due to the Pending 5.5 Million-Dollar Claim Under 42 U.S. Code Sec. 1983 Action for Deprivation of Civil Rights [Dkt. No. 4] (the TRO Motion).

Chief United States District Judge David C. Godbey referred Backer's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

To the extent that, through the TRO Motion, Becker seeks preliminary injunctive relief, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny the TRO Motion.

But first, Becker has made another initial filing in this lawsuit, titled Notice of Recusal of Magistrate Judge Pursuant to 28 USCS Sec. 455 [Dkt. No. 5]. Despite

its title, this filing does not appear to be a motion to recuse the undersigned (or Chief Judge Godbey) but instead appears aimed at a state judge named as a defendant by Becker: "The plaintiff moves to Recuse/Disqualify, Judge Moreno, from the above entitled matter." *Id.* at 2; *see also* Dkt. No. 4 at 6 (Writ of Possession, granted in lawsuit against Becker on October 18, 2023, signed by Judge Sasha Moreno).

Turning to the substance of the TRO Motion then, Becker explains

> [t]he plaintiff filed his civil rights action seeking immediate injunctive and declaratory relief to redress and prevent further deprivation of the plaintiff's rights under 42 U.S.C Sec. 1983, the mentioned action will also address, and Federal law violations noted in the complaint. The state foreclosure statute is not a valid law and is in violation of the State Constitution as the statute does not have the three elements the state constitution mandates must be present to be considered a valid law. The state constitution mandates valid laws must have a. an enacting clause, b. a title, and c. a body. The foreclosure statute does not contain the 3 elements necessary to be considered avail law. Clearly the defendants will not be able to prevail when the statute they rely on to provide jurisdiction to the court is unconstitutional and not a valid law.
> The plaintiff requests this court to grant the injunction /restraining order in the interest of justice, to restrain the State court, attorney, and or 3rd party buyers from accessing or controlling the property. Plaintiff also requests the Federal Court to Vacate any judgments or orders from the illegal state court process.

Dkt. No. 4 at 1-2.

As "[a] TRO is simply a highly accelerated and temporary form of preliminary injunctive relief," "[t]o obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction." *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (cleaned up).

But granting a preliminary injunction "is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance." *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997) (citing *Allied Mktg. Grp.*,

*Inc. v. C.D.L. Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989)).

To obtain preliminary injunctive relief, Becker must therefore unequivocally "show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (cleaned up); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

The United States Court of Appeals for the Fifth Circuit "has repeatedly cautioned that [such relief] should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (cleaned up). And "[t]he Fifth Circuit has held that except in those exceptional cases to prevent clear and imminent irreparable injury, the courts will not issue an injunction." *Young v. LeBlanc*, Civ. A. No. 17-6329, 2019 WL 1199099, at *2 (E.D. La. Mar. 14, 2019) (citation omitted).

Considering these legal standards, the TRO Motion should be denied.

First, Becker alleges that state actors, specifically a state judicial officer, violated Becker's constitutional rights, giving rise to a claim under 42 U.S.C. § 1983, "an express authorization from Congress permitting federal courts to enjoin state proceedings in order to protect federal rights." *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (citing *Mitchum v. Foster*, 407 U.S. 225, 242-43 (1972)).

But, even under Section 1983, a federal court generally should not enjoin a state court proceeding, as Section 1983 "expressly disallows injunctive relief against a judicial officer 'for an act or omission taken in such officer's judicial capacity … unless a declaratory decree was violated or declaratory relief was unavailable.'" *Hatton v. Combs*, 793 F. App'x 801, 803 (10th Cir. 2019) (quoting 42 U.S.C. § 1983; citing *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("Although we have previously said that a plaintiff may obtain an injunction against a state judge under 42 U.S.C. § 1983, those statements were abrogated by the Federal Courts Improvement Act of 1996, which provides that 'injunctive relief [against a judicial officer] shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable,' 42 U.S.C. § 1983." (citations omitted))).

So Becker has not shown a substantial likelihood of success on the merits as to the relief sought through the TRO Motion. *See, e.g.*, *A.N. & D.N. ex rel Norris v. Williams*, No. 8:05-CV-1929-T-27MSS, 2005 WL 3003730, at *2 (M.D. Fla. Nov. 9, 2005) ("While Plaintiffs have offered evidence sufficient to establish the second, third and fourth elements of temporary injunctive relief, they have not established the first element, a substantial likelihood of success on the merits," in part because " Judge Williams, a state court judge who acted in her official capacity in entering the complained-of order, enjoys statutory immunity under § 1983 from this action seeking injunctive relief.").

Further, to the extent that the state court case is ongoing, as seems to be the case based on Becker's request that the Court enjoin or "restrain the State court …

from accessing to controlling the property," the Court should abstain from considering this lawsuit under *Younger v. Harris*, 401 U.S. 37 (1971), which, "following *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 10-11 (1987), [ ] also applies 'when certain civil proceedings are pending, if the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government,'" *Health Net, Inc. v. Wooley*, 534 F.3d 487, 494 (5th Cir. 2008); *see Joseph A. ex rel. Corrine Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002) ("*Younger* governs whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly."); *Zeeco, Inc. v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 17-CV-384-JED-FHM, 2017 WL 6539504, at *2 (N.D. Okla. Dec. 21, 2017) ("What *Younger*, *Juidice[ v. Vail*, 430 U.S. 327 (1977)], and *Pennzoil* have in common is that they all involved plaintiffs filing separate federal suits in an attempt to enjoin ongoing state proceedings.").

And "a federal action requesting an 'injunction, whether preliminary or permanent, [that] falls squarely within the *Younger* abstention doctrine' has no 'likelihood of success on the merits.'" *King v. Shannon*, No. 3:17-cv-2922-K-BN, 2017 WL 6044091, at *3 (N.D. Tex. Oct. 25, 2017) (quoting *Chae Mun v. Spector*, No. C13-0486RSL, 2013 WL 1748444, at *1 (W.D. Wash. Apr. 23, 2013)), *rec. accepted*, 2017 WL 6033892 (N.D. Tex. Dec. 5, 2017).

**Recommendation**

The Court should deny Plaintiff Steven Becker's motion requesting

preliminary injunctive relief [Dkt. No. 4].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 26, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE