IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN BECKER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-2364-N-BN |
| | § | |
| RAMIRO CUEVAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Steven Becker filed a *pro se* civil complaint, seeking damages for an alleged wrongful foreclosure, and he paid the statutory filing fee. *See* Dkt. No. 3.

Chief United States District Judge David C. Godbey referred Backer's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

And, on October 40, 2023, the Court entered an order notifying Becker of certain obligations he undertook by paying the statutory filing fee,

> [b]y paying the filing fee, Becker undertook the obligation to properly serve each defendant with a summons and the complaint in compliance with Federal Rule of Civil Procedure 4 or to obtain a waiver of service from the defendant. *See* FED. R. CIV. P. 4(e), (h), (j) (setting forth procedures for serving an individual; serving a corporation, partnership, or association; and serving a Foreign, State, or Local Government); FED. R. CIV. P. 4(d) (regarding a defendant's waiving service).
> And, as to each defendant, Becker must file with the Court a proof of service in accordance with Rule 4(*l*) or an executed waiver of service.
> The Court further advises Becker that, if proper service is not made and shown to the Court through a filed proof of service (or a waiver of service obtained and filed with the Court) before the 90th day after the filing of this action (on October 25, 2023) that is not a Saturday, Sunday, or legal holiday – which will be **January 23, 2024** – this case

is subject to dismissal without prejudice unless Becker shows both (1) good cause for this failure and (2) good cause for the Court to extend the time for service for an appropriate, specified period. *See* FED. R. CIV. P. 4(m); *see also* FED. R. CIV. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders).

Dkt. No. 8.

It is now past the January 23 deadline, and Becker has neither complied with the Court's order nor otherwise contacted to Court.

Having provided Becker sufficient notice as to the failure to properly effect service, and because it is now past the deadline to do so, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this lawsuit without prejudice under Federal Rule of Civil Procedure 4(m).

## Discussion

Rule 4(m) authorizes a district court to, after providing notice, dismiss a case *sua sponte* without prejudice for a plaintiff's failure to effectuate service on a defendant within 90 days of filing the complaint. *See, e.g., Davis v. Bank of Am., NA*, No. 3:12-cv-1036-M-BF, 2012 WL 4795591 (N.D. Tex. Oct. 9, 2012).

While "[a] *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m)," *Drgac v. Treon*, No. H-07-4283, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) (citing *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)), "[a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules," *id.* (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)).

That is, "a litigant's *pro se* status does not excuse failure to effect proper

service," *Zellmar v. Ricks*, No. 6:17cv386, 2021 WL 805154, at *2 (E.D. Tex. Feb. 2, 2021) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990)), *rec. adopted*, 2021 WL 796133 (E.D. Tex. Mar. 2, 2021), as "[t]he party effecting service has the burden of showing the validity of service," *Walker v. Forte*, No. 5:19cv158, 2021 WL 6930957, at *1 (E.D. Tex. Nov. 9, 2021) (citing *Sys. Signs Supplies*, 903 F.2d at 1013; *Matter of Arbitration Between Trans Chem. Ltd. v. China Nat. Mach. Imp. & Exp. Corp.*, 978 F. Supp. 266, 298 (S.D. Tex. 1997), *op. adopted*, 161 F.3d 314 (5th Cir. 1998)), *rec. adopted*, 2022 WL 468031 (E.D. Tex. Feb. 15, 2022); *see also Savage v. Reliance Mortg. Corp.*, No. 6:17-cv-00053-RP-JCM, 2018 WL 4702535, at *3 (W.D. Tex. June 7, 2018) ("[T]he right of self-representation does not exempt a party from compliance with the relevant rules of civil procedure." (citing *Kersh*, 851 F.2d at 1512)), *rec. accepted*, 2018 WL 4688785 (W.D. Tex. Aug. 27, 2018).

And "Rule 4 requires only that the court notify a claimant that dismissal is impending for lack of timely service." *Roberts v. U.S. Dep't of Army*, 275 F.3d 42, 2001 WL 1223674, at *1 (5th Cir. Sept. 26, 2001) (per curiam) (citing FED. R. CIV. P. 4(m)). The court need not also guide a plaintiff "on how to effect proper service." *Id.*

Here, the Court not only provided Becker the required notice but also directed him to the proper provisions of Rule 4. *See* Dkt. No. 8. Still, Becker failed to effect proper service (or obtain waiver of service) in the time allowed by the relevant rules or to properly request an extension of time to do so.

The Court should therefore dismiss this lawsuit without prejudice under Rule 4(m).

It is not apparent based on the record here whether dismissal of this lawsuit without prejudice at this time would effectively be a dismissal with prejudice – for example, because a statute of limitations would prevent Becker's refiling these claims. But, insofar as the recommended dismissal may somehow prejudice Becker, these findings, conclusions, and recommendation afford notice, and the opportunity to file objections (as further explained below) affords an opportunity to respond, to explain why this case should not be dismissed for the reasons set out above. *See Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

## Recommendation

The Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 4(m).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

     DATED: February 13, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE